NO. 07-03-0026-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 24, 2005

______________________________

GARRICK CARL ROSSETTE, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 128
TH
 DISTRICT COURT OF ORANGE COUNTY;

NO. A020013-R; HON. PAT CLARK, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and REAVIS, and CAMPBELL, JJ.

Garrick Carl Rossette (appellant) appeals his conviction for sexual assault.  His sole issue concerns the trial court’s refusal to grant his motion to suppress evidence.  Through it, he contends that 1) he had standing to object to the search of his brother’s apartment and 2) since appellant was staying there with his brother, the officers could not search the abode without his (appellant’s) consent.  However, appellant concedes that the officers undertook their search with the consent of his brother.  We affirm the judgment of the trial court.

Assuming 
arguendo
 that appellant, who was visiting his brother, has standing to object to the search, we nonetheless find ample evidence upon which to uphold the validity of it.  This evidence consists of the consent given the officers by the individual who actually leased the abode for himself, 
i.e.
 appellant’s brother, and the discovery of the items at issue in a common area of the apartment. 

Authority holds that those with common control over premises may consent to its search.  
Patrick v. State, 
906 S.W.2d 481, 490 (Tex. Crim. App. 1995).  For this reason, cohabitants of an abode each have a right to grant permission to search its common areas.  
Franco v. State, 
25 S.W.3d 26, 31 (Tex. App.–El Paso 2000, pet. ref’d).  And, since the items sought to be suppressed at bar were discovered in a common area of the apartment (
i.e.
 the kitchen) after the person who leased and lived in the apartment granted permission to search it, we cannot say that the trial court abused its discretion in overruling the motion to suppress.  

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn 

Chief Justice

Do not publish.